UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 13 2005 ★
P.M.
TIME A.M.

UNITED STATES OF AMERICA

-v-

PANAGIOTIS KOKKINOS

JUDGMENT INCLUDING SENTENCE UNDER THE SENTENCING REFORM ACT

CASE NUMBER: CR-05-347 (ARR)

JOSEPH R. MADDALONE, JR., ESQ
105 MAXESS ROAD, SUITE 1244
MELVILLE, NEW YORK 11747
Defendant's Attorney & Address

THE DEFENDANT:

XXX pleaded guilty to count one & two of the information.
___ was found guilty on counts after a plea of not guilty.

Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 33 USC 1908(a) | FAILURE TO MAINTAIN AN OIL RECORD BOOK. | ONE (1) |
| 18 USC 1001(a)(2) | FALSE STATEMENTS TO A GOVERNMENT OFFICIAL. | TWO (2) |

The defendant is sentenced as provided in pages 2 through of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___ The defendant has been found not guilty on count(s) and is discharged as to such count(s).
___ Remaining counts are dismissed on the motion of the United States.
___ It is ordered that the defendant shall pay to the United States a special assessment of $200.00 which shall be due XXX immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec # NONE

OCTOBER 6, 2005
Date of Imposition of Sentence

Defendant's Date of Birth 2/19/46

Defendant's Mailing Address:

BIRONOS 3
AGIA BARBARA
ATHENS, GREECE

ALLYNE R. ROSS, U.S.D.J.

OCTOBER 6, 2005
Date

Defendant's Residence Address:

( SAME AS ABOVE )

A TRUE COPY ATTEST
Date:
ROBERT C. HEINEMANN
CLERK OF COURT

By:

DEPUTY CLERK

IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of a month. Deft is sentenced to a term of incarceration of a month on each counts. Both counts are to run concurrently.

___ The Court makes the following recommendations to the Bureau of Prisons:

___ The defendant is remanded to the custody of the United States Marshal.
XXX The defendant shall surrender to the United States Marshal for this district,

XX at 12:00 noon on 10/11/05.
___ as notified by the Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

___ before 12:00 noon on ___________.
___ as notified by the United States Marshal.
___ as notified by the Probation Office.

RETURN

I have executed this Judgment as follows:

Defendant delivered on ___________ to ___________ at ___________, with a certified copy of this Judgment.

United States Marshal

By___________

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY.
2) DEFT SHALL NOT POSSESS ANY FIREARMS.

___ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 200.00 , consisting of a fine of $ N/A and a special assessment of $ 200.00 .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
___ as follows:

XXX The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

___ The interest requirement is waived.
___ The interest requirement is modified as follows:

THE COURT: Although sentencing is individual and each defendants' sentence must be determined separately and individually, there are a number of sentencing factors common to the defendants such that it makes sense to address common factors together and, of course, individual factors separately.

I conclude that a non-guidelines sentence is appropriate in the case of each defendant.

Under 3553(a), I'm directed at the outset to consider the guidelines. Here in the case of both defendants, the guidelines sentences are not disputed.

Defendant Kokkinos' guideline calculation is a level 12, criminal history category I, carrying a range of imprisonment of ten to 16 months but as this falls within zone C, it permits imposition of a split sentence as low as five months incarceration and five months home detention.

Defendant Chalkias' guideline calculation is a level 13, criminal history category I, carrying a range of imprisonment of 12 to 18 months permitting at the bottom of the range a sentence of a year and a day resulting in actual incarceration of approximately ten months.

In the process of analyzing what is an appropriate sentence or what are appropriate sentences, in the case of each defendant, under the statute I have considered the guidelines.

Turning to the nature and circumstances of the offense, both defendants engaged in serious criminal conduct involving serious environmental violations and false statements and obstruction calculated to cover up that misconduct. But it is also clear that these defendants engaged in both the criminal conduct and the criminal cover-up not motivated by hopes of personal enrichment but at the direct command of their employer, co-defendant Karlov Shipping Company.

Their employer, to save itself the costs of separating and disposing of the oil mixed with the bilge water, directed its employees not only to use an overboard discharge pipe to bypass the oily water separator but also to ensure that the discharge pipe "never be found with oil stains" and that particular attention be made to this every time a ship arrived in port.

Undoubtedly, defendants carried out their employer's orders in order to maintain their jobs and for no other economic benefit. That the defendants were directed to commit criminal acts by their employer plainly does not excuse those acts but it does provide important context in understanding the motivation for their criminal conduct. To that extent it is significant in assessing the nature and circumstances of the offense.

Of note too is the fact the defendants are both

citizens of Greece, their families are located there, and neither having any ties in the United States, have lived in the New York metropolitan area in hotels since the inception of this proceeding some ten months ago. Further, approximately the first three months of this ten-month period were spent under conditions of home confinement.

Although there is truth to the government's argument that as to defendants' separation from family and three months home detention comes as a result of defendants' own decisions and actions, the nature and extent of punishment already meted out to defendants is nonetheless relevant to the appropriate further punishment to be imposed. It is also of relevance as the government has acknowledged that once defendants elected to enter guilty pleas, they met with the government and were found to be cooperative and candid.

Defendants' conduct in this regard may also be considered of greater significance than in many other cases since there was no safety valve of which defendants might avail themselves as a result of their candor and cooperation in this case.

Turning to the individual nature and characteristics of each defendant, defendant Chalkias' family situation is I believe extraordinary. The defendant is sole support of his homemaker wife and his emotionally disturbed, brain damaged and otherwise extremely ill 39-year-old son. As set forth in

the presentence report, the condition of defendant's son is particularly precarious. Although the Greek government covers much of the son's health care cost, defendant is responsible for a 20 percent co-pay on his extensive medications and is fully responsible for all of his other expenses.

Although the guidelines are not relied upon here, these family circumstances, as detailed in the presentence report and other submissions before the Court, would, I believe, qualify as extraordinary, warranting a departure even under the guidelines. In any event, they are of substantial significance in assessing Mr. Chalkias' personal circumstances under the sentencing statute.

Defendant Kokkinos' personal circumstances are complicated by his kidney disease which initially required dialysis and subsequently a kidney transplant. Although the surgery appears to have been successful, defendant is on a host of medications which must be carefully monitored. In fact, in January of this year, one of his medications was found to have caused a complication of gout.

In light of all the above circumstances, I believe that the goals of the sentencing statute would be amply satisfied in the case of both defendants by a custodial sentence for each of 30 days. A custodial term of one month combined with the time defendants have already spent under conditions of home detention appropriately reflects the

seriousness of defendants' offenses tempered somewhat by their actual motivations and thus provides just punishment for their conduct and promotes respect for the law.

I also believe these sentences properly ensure a deterrent effect both on the individual defendants and on the industry in which such criminal practices are apparently endemic. The employees of the shipping companies must be deterred generally from complying with the illegal directives of their employers and thus perpetrating such criminal conduct. At the same time it should be recognized that the employees are vulnerable to the illegal directives they are given since defiance would likely mean loss of livelihood and compliance benefits only the profit margins of their employers.

Importantly too, the one-month sentence accommodates the nature, characteristics and personal circumstances of the individual defendants without undercutting the seriousness of their conduct or failing to serve the goal of deterring criminal conduct by others.

Therefore, with respect to defendant Chalkias, I sentence him to the custody of the Attorney General for a period of one month to be followed by a three-year period of supervised release with special conditions that if excluded, he not illegally reenter the United States and prohibit the possession of a firearm.

I make a finding that he is unable to pay a fine but I will impose the $100 special assessment.

As to defendant Kokkinos, I sentence defendant to the custody of the Attorney General for a period of one month on each count to run concurrently plus three years of supervised release with special conditions that if excluded, he not illegally reenter the United States and I prohibit the possession of a firearm.

I make a finding that he is unable to pay fine but I will impose the mandatory $200 special assessment.

Let me advise defendants that there are circumstances in which you may appeal the sentence, I don't believe this is going to apply in your case but if you choose to appeal, a notice of appeal must be filed within ten days and if you cannot afford counsel, counsel will be appointed to represent you by the Court.

MR. MADDALONE: Judge, could I request on behalf of my client a self surrender date of Monday? They are still in the hotels.

MR. PICKELLE: I join in that.

MR. POUX: We have no objection.

THE COURT: Tuesday.

(The matter was concluded.)